# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 7 Proceedings |
| | ) | |
| **MU WON and HYE WON,** | ) | Case No: 3:17-bk-01600-DPC |
| | ) | |
| Debtors. | ) | **ORDER RE HOMESTEAD PROCEEDS** |
| | ) | |
| | ) | **[NOT FOR PUBLICATION]** |
| | ) | |

This matter came before the Court on June 4, 2019, at 10:00 a.m. for an evidentiary hearing on the Motion ("Motion") to Compel Turnover of Estate Property (Admin. Dkt. No. 53) filed by the chapter 7 trustee, Lawrence J. Warfield ("Trustee"). The Trustee appeared through counsel. Despite notice provided to them, Mu Won and Hye Won ("Debtors") failed to appear at the June 4 trial. Debtors are unrepresented.

The Court has considered the Motion, the response filed by the Debtors at Admin. Dkt. No. 55 (wherein the Debtors acknowledged having spent $50,000 of the proceeds from the sale of this exempt homestead on the purchase of a mobile home), and the Trustee's reply at Admin. Dkt. No. 57 along with the exhibits offered by the Trustee and admitted into evidence at the June 4 trial. The Court has also considered the oral arguments of Trustee's counsel.[1][2]

The Trustee contends, that where proceeds from the sale of an exempt homestead are co-mingled with other funds, the Debtors lose their homestead exemption on all such

---

[1] This ruling (the "Order") constitutes this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.
[2] This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(B).

sale proceeds. The Trustee cites *In re Flatt*, 2018 WL 5807078 (D.Ariz. 2018), *In re Foreacre*, 358 B.R. 384 (Bankr. D.Ariz. 2006), and *In re Hassett*, 2:14-bk-12106-BKM, for this proposition. A closer reading of these cases reveals, however, that in *Flatt* and *Hassett*, the debtors not only co-mingled their homestead sales proceeds, they also spent all of their homestead sale proceeds on non-homestead purchases. The debtors in *Foreacre* so completely co-mingled and jumbled their homestead sale proceeds with other account funds that the court could not ascertain what remaining funds, if any, were traceable to the homestead sale proceeds. More applicable to this case is *In re Smith*, 515 B.R. 755 (Bankr. D.Ariz. 2014) where this Court distinguished between homestead sale proceeds spent on acquiring a new homestead and expenditures made unrelated to acquiring a new homestead. The former were found exempt, the latter were not.

The Court now finds that on December 14, 2018, net homestead proceeds of $73,709.15 from the sale of the Debtors' homesteaded real property commonly known as 11638 E. Park Lane, Parks, AZ (the "Property") were deposited in Debtors' Chase Bank account which then contained non-homestead proceeds. $50,000 of the homestead proceeds were admittedly spent by the Debtors but they failed to supply any evidence that the $50,000 was spent on acquiring a new homestead property. Chase Bank statements admitted at trial demonstrate that, at least through January 22, 2019, an additional $8,368 was spent by Debtors from their Chase account in which the homestead proceeds were co-mingled. Although there were funds in the Chase account before Debtors deposited their homestead proceeds and Debtors thereafter deposited additional funds in the co-mingled Chase account, this Court finds that all debits to this account after the deposit of the homestead proceeds must be subtracted from the homestead proceeds. Accordingly, the Court finds $58,368 of the $73,709.15 in homestead proceeds were spent on items other than acquiring a new homestead.

Based on the above and being mindful that courts are to liberally construe exemption issues in favor of the Debtors,[3] the Court now hereby

**ORDERS** that the homestead exemption asserted by the Debtors in the sale proceeds from the sale of the Property has lapsed to the extent of $58,368 and the sum of $58,368 is no longer exempt. Within 30 days of this Order, the Debtors shall turn over to the Trustee the sum of $58,368 as such amount constitutes non-exempt property of this bankruptcy estate.

**DATED AND SIGNED ABOVE.**

---

[3] See *In re Tober*, 688 F.3d 1160, 1163 (9th Cir. 2012); *In re Gilbraith*, 523 B.R. 198 (Bankr. D.Ariz. 2014).